IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ULICES CAZAREZ,<br><br>    Defendant. | No. 3:15-cr-00362-CRB-1<br><br>**ORDER OF DETENTION PENDING TRIAL** |

    The defense maintains that despite new evidence that (1) Ulices Cazarez actively pursued a murder for hire even after he suspected that his co-conspirator in the murder was an undercover agent, and (2) Cazarez concealed his recent travel to Cuba, the Court should imagine that some newfound respect for the rule of law will ensure Cazarez's appearance at trial and the safety of the community. For obvious reasons that are nevertheless detailed in this Order, the Court cannot agree. This matter came before the Court on July 10, 2015, and on July 16, 2015, for a review of a release order brought by the government pursuant to 18 U.S.C. § 3145(a)(1). Defendant Cazarez had previously been granted conditions of release by the Magistrate Judge Maria-Elena James, before the new evidence came to light. The conditions of release included home confinement, electronic monitoring, and a $900,000 bond secured by property. A stay of the release order preceded the review of the release order by this Court. Defendant Cazarez was present for the hearings and represented by

counsel, Chief Assistant Federal Public Defender Geoffrey Hansen. Assistant United States Attorney William Frentzen appeared for the government. Pretrial Services submitted a report to the Court and the parties that recommended release to home confinement, electronic monitoring, and a $750,000 bond, and representatives of Pretrial Services were present at the hearing. The government moved for detention rather than release, based in part on new evidence that was not before Magistrate Judge James regarding Cazarez's recent travel to Cuba and his pursuit of the murder-for-hire plan even after he suspected that his co-conspirator was a government agent.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that Cazarez must be detained pending trial in this matter. The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

This is not a case involving a presumption of detention, but it is a case that is appropriate for the government to move for detention because it involves a crime of violence and a serious risk of flight. See §§ 3142(f)(1)(A) and (2)(A).

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the Cazarez's appearance and the safety of other persons and the community.

First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves findings of probable cause to believe that the defendant engaged in a scheme to commit murder for hire. According to the Complaint and other evidence proffered at the hearing and through filed documents, Cazarez participated in attempting to locate and hire someone to commit murder of a woman who had filed a civil lawsuit against him. Cazarez used cellular telephones and met with an

undercover agent and others regarding the potential murder for hire, and these conversations were recorded. Although Cazarez did not eventually hire an undercover agent, and expressed concerns regarding the individual being a law enforcement agent, the Court has been provided with electronic communications, or texts, that would indicate that the defendant continued attempting to set up the murder scheme. The Court notes that the crime itself is an extraordinarily dangerous crime.

Second, Cazarez has a criminal history that includes a felony conviction for trafficking in narcotics, although the Court notes that prior conviction was subsequently expunged.

Third, Cazarez's candor to Pretrial Services was significantly lacking. In particular, there is significant evidence that Cazarez misrepresented to Pretrial Services that his United States Passport had been stolen in a burglary of his home in January of 2015, that his international travel to Mexico and to the Dominican Republic was prior to the burglary, and that he had not engaged in any other international travel. But evidence proffered at the hearing and filed in the record leading up to the hearing indicated that Cazarez had not reported his Passport stolen following the burglary of his home; and that he had traveled to Mexico, to the Dominican Republic, and to Cuba during March of 2015, after the burglary had occurred.

Fourth, the Court does not have confidence that the posting of property belonging to defendant Cazarez and to his family would ensure his appearance and that he would honor the terms and conditions of release.

Fifth, the Court views the translations of electronic text messages, if accurate, as demonstrating that defendant Cazarez was attempting to proceed with the murder plot even after he suspected that law enforcement was focused on him. This causes the Court concern regarding Cazarez's willingness to abide by conditions of release because the potential ramifications of violating pretrial release pale in comparison to the potential ramifications of the extreme measures sought by the defendant, including the murder of an individual. For these reasons and those stated on the record at the hearing, the Court deems Cazarez to

present a risk of flight and a danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Cazarez is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Cazarez be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Cazarez is confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: July 28, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE